[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 31, 1996
On July 20, 1993, the plaintiff, Satonya Malloy owned a 1992, 4-Door Toyota Corolla. The car had been given to her as a graduation present by her grandparents, Leroy and Inez Malloy, the other plaintiffs. On the specified day, the car was being CT Page 1231 operated by a friend of the plaintiff, Satonya Malloy. It was rear-ended, and taken to the defendant's place of business to be repaired. The car was examined and found to have sustained the following damages:
Quarter Panel
Bumper Cover
Right Light Cover
Bumper Reinforcers
Trunk Door
The amount of repairs was computed to be $1510.50 and $300 was paid on account.
The car had been a graduation gift to the plaintiff, Satonya Malloy, by her grandparents, the other plaintiffs. They paid $13,412. to the A-1 Toyota Co. of 50 Amity Road in New Haven and financed that amount so that their ultimate cost was $17,605.54. The mileage on the car on the date of purchase was 14 miles. When the car was brought to the defendant's place of business the odometer read 31,000 miles.
When the repair work was completed, the plaintiff, Satonya was so advised. She did not have the money to pay the bill and asked for time to get up the money to pay the bill. However, before she could do that the car was sold by the defendants for $500.
The matter was brought before a Hearing Officer of the Connecticut Motor Vehicle Department. At the trial of the matter before this court, the defendant Roberto Rodriguez testified that the Hearing Officer remarked during the hearing ". . . you are in deep trouble" and he replied "I guess I'm going to lose this case."
The Hearing Officer made the following "Findings of Fact" among others:
 7. Automation Unlimited filed a motor vehicle form H-100 regarding the above vehicle. The H-100, which is signed under the penalty of CT Page 1232 false statement, states that the value of the repaired Toyota Corolla was approximately $300.00.
 8. A motor vehicle dealer must comply with the statutory requirements of the Connecticut General Statutes, Sections 49-61
in order to dispose of a motor vehicle for unpaid repairs.
 9. Testimony at the above hearing indicated the vehicle was actually worth approximately $7,800.00.
 10. The vehicle was not sold at public auction as required by Connecticut General Statutes 49-61.
 11. The sale of this vehicle was not advertised in the newspaper as required by Connecticut General Statutes Sections 49-61.
 12. No notice as required by Connecticut General Statutes Sections 49-61(b) was sent to the Commissioner of Motor Vehicles.
The Hearing Officer made the following "Conclusions of Law":
 1. That Jean Rodriguez dba Automation Unlimited failed to auction the vehicle under the provisions of Sections 49-61 of the Connecticut General Statutes.
 2. That Automation Unlimited failed to notify the Commissioner of Motor Vehicles as required by Connecticut General Statutes Sections 49-61(b). Under the provisions or Connecticut General Statutes Sections 9-6(b) the failure to send the required notice to the Commissioner voids any sale of the motor vehicle.
 3. That Automation Unlimited failed to advertise the sale of the vehicle as required by Connecticut General Statutes Sections 49-61(d).
CT Page 1233
The Court adopts all such stated Findings and Conclusions as its own.
Section 52-564 of the General Statutes reads:
 Any person who steals the property of another . . . shall pay the owner treble his damages.
Section 53a-119 of the General Statutes defines Larceny and states that larceny includes but is not limited to:
 (1) Embezzlement. A person commits embezzlement when he wrongfully appropriates to himself or to another property of another in his care or custody.
It is obvious that the defendants embezzled the car of the plaintiff Satonya Malloy, by selling it in complete disregard of all the applicable statutes which govern the defendants in their business of repairing cars.
Under these circumstances the court finds that the defendants are liable for the statutory treble damages for their action in selling the car.
The Court finds that the value of the car was $7800. Three times $7800 equals $23,400 (3 x 7800 = 23,400). The defendants were paid $300 when the car was brought in for repair and received $500 on the sale of the car. $23,400 minus $800 is $22,600 (23,400 — 800 = 22,600).
Judgment may enter for the plaintiffs to recover of the defendants $22,600. Plus interest and costs.
O'SULLIVAN, S.T.R.